## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DYJUAN D. BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-2299-JAR-GEB |
| v. | ) | |
| | ) | |
| BARACK H. OBAMA, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Simultaneous with the filing of this order, the Court granted plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 13.) However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines the action: 1) is frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks relief from a defendant who is immune from suit.  After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

### Background

Plaintiff files this action seeking remedies alleging defendants knowingly and blatantly violated his "human health" and civil rights as prohibited by the Fourteenth Amendment of the U.S. Constitution.   In his Complaint, plaintiff has named as

defendants: the President, the U.S. Attorney General, the Department of Justice, the Federal Emergency Management Agency, the State of Kansas, the Governor of Kansas, and others. Plaintiff alleges a widespread conspiracy among governmental agencies, called the "New World Order," to poison the air and water, modify the weather patterns, and accomplish an unknown "Reptilian Agenda" he calls "Agenda 21," among other claims. He contends these actions are all connected and "thus all a plan to murder (totally destroy humanity)."[1]   As relief, plaintiff asks for an award of two-trillion dollars to set up a watchdog program to ensure every state is following the laws.[2]

## Analysis

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss the case at any time if the court determines the action fails to state a claim on which relief may be granted.  The sufficiency of the complaint is reviewed under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[3]  Because plaintiff proceeds pro se, his pleadings must be liberally construed.[4]  However, plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[5] and the Court cannot "take on the responsibility of serving as [his] attorney in

---

[1] (Compl., ECF No. 1.)
[2] (*Id.*).
[3] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[4] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[5] *Id.*

constructing arguments and searching the record."[6]  Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[7]

Although plaintiff asserts he will prove the local, state, and federal governments are poisoning their citizens, he provides no legitimate facts to support this claim.  Aside from checking the box on the form Complaint to declare the case arises under a violation of civil or equal rights, he provides no factual allegations to support a viable civil rights claim.  The entirety of the evidence presented by plaintiff consists of pages of hundreds of numbered statements, which contain unsupported conclusions and lists of YouTube videos. (*See*, e.g., Compl., ECF No. 1, at 11-21; Suppl. to Compl., ECF Nos. 7, 9, 10.) Additionally, the claims of poisoning the water and food as well as many others in the list of claims have no supporting factual material which could support a plausible claim for relief.  A review of the Complaint confirms plaintiff's claim does not "raise a right to relief above the speculative level" nor contain "enough facts to state a claim to relief that is plausible on its face."[8]  He simply does not present a rational argument on the facts or law in support of his claims.[9]  Because plaintiff has not shown in a plausible capacity a claim upon which relief could be granted, it is therefore recommended that the Complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[6] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).

[7] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *Dirks v. Bd. of County Comm'rs of Ford County, Kansas*, No. 15-CV-7997-JAR, 2016 WL 2989240, at *1 (D. Kan. May 24, 2016) (citing *Twombly*, 550 U.S. at 555, 570).

[9] *Graham v. Sec'y of Health & Human Servs.,* 785 F.Supp. 145, 146 (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).

**IT IS THEREFORE RECOMMENDED** that plaintiff's Complaint be dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER RECOMMENDED** that, given the recommendation of dismissal, plaintiff's Motion for Temporary Court Order (ECF No. 8) to halt fluoridation of the water, chemtrailing in the skies, and poisoning of the food in the State of Kansas should be denied.

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to plaintiff by certified mail.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[10]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 13th day of June 2016.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[10] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).